UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ROBERT JENNINGS,<br><br>Defendant. | Case No. 4:16-cr-00048-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is James Jennings' letter requesting compassionate release to home confinement. Dkt. 83. The Court construes the letter as a motion for compassionate release under 18 U.S.C. 3582(c)(1)(A). The Government opposes the motion. Dkt. 84. For the reasons that follow the Court will deny the motion.

# BACKGROUND

On June 13, 2017, Jennings was sentenced to 27 months incarceration and five years supervised release for possession with intent to distribute a controlled substance near a public school. Jennings began his term of supervision on September 20, 2018. On September 30, 2020, the Court revoked Jennings supervised release and sentenced him to 8 months incarceration. Dkt. 79, 82.

**MEMORANDUM DECISION AND ORDER - 1**

# ANALYSIS

Jennings seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. The statute provides, in relevant part, that a court

> [...] upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[...]

18 U.S.C. § 3582(c)(1)(A).

If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

**MEMORANDUM DECISION AND ORDER - 2**

Jennings is not yet in BOP custody and has not made a request for compassionate release to BOP. *See* Dkt. 84. Therefore Jennings has not exhausted his remedies under § 3582(c)(1)(A) and the statute does not permit the Court to consider his motion. Further, Jennings has not addressed the § 3553(a) factors, nor provided any extraordinary and compelling reasons warranting his release. Therefore, the Court will deny his motion without prejudice.[1] Jennings may file a new motion after he enters BOP custody and exhausts his remedies under § 3582(c)(1)(A).

## ORDER

**IT IS ORDERED** that James Jennings Motion for Compassionate Release (Dkt. 83) is **DENIED** without prejudice.

DATED: January 6, 2021

B. Lynn Winmill
U.S. District Court Judge

---

[1] To the extent Jennings seeks home confinement, the Court agrees with the Government that BOP has sole authority and discretion to allow a defendant to serve part of his sentence in home confinement. 18 U.S.C. §§ 3621(b), 3624(c).

**MEMORANDUM DECISION AND ORDER - 3**